# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ANN DUREAU,<br><br>Plaintiff,<br><br>v.<br><br>MARK HOWARD ALLENBAUGH<br><br>Defendant. | CASE NO. 2:15-cv-01494-BRO-JEM<br><br>**JUDGMENT** |

PURSUANT TO THE ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, IN PART, IT IS ORDERED THAT JUDGMENT be entered in favor of Mary Ann Dureau ("Plaintiff") against Mark Howard Allenbaugh ("Defendant") in the amount of: $60,709.00, plus prejudgment interest and post judgment costs.

# FINDINGS OF FACT

1. Plaintiff is a citizen and resident of California. (Compl. ¶ 2.) In January 2012, the City of Banning filed suit against Plaintiff and other parties, alleging violations of the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*, in connection with a hazardous waste spill. *See City of Banning v. Mary Ann Dureau, et al.*, No. CV 12-00043-BRO (SPx) ("Banning Case"); (Compl. ¶ 4). This Court presided over the matter. The case proceeded to a bench trial, and on November 26, 2013, the Court entered judgment against Plaintiff in the amount of $592,665.00. (Compl. ¶ 5, Ex. 1.) On December 17, 2013, Plaintiff timely appealed the decision to the United States Court of Appeals for the Ninth Circuit. (Compl. ¶ 6.) On December 20, 2013, Defendant became Plaintiff's attorney of record. (Compl. ¶ 7.)

2. Defendant is an attorney and a citizen and resident of Ohio. (Compl. ¶ 2.) He is not admitted to practice law in the State of California. (Compl. ¶ 7.) On September 15, 2014, in connection with a matter unrelated to this one, the United States Court of Appeals for the Fourth Circuit fined and suspended Defendant for two years for failing to diligently represent his client and failing to respond to the court's orders. (Compl., Ex. 2.)

3. Plaintiff initiated this action on February 28, 2015, (Dkt. No. 1), bringing claims against Defendant for malpractice and breach of the parties' legal services fee agreement, (Compl. ¶¶ 11–21). Plaintiff served Defendant on April 8, 2015. (Dkt. No. 11.) Despite receiving notice of the claims against him, Defendant has not responded to the Complaint or otherwise appeared in this action. On May 19, 2015, the Clerk entered default against Defendant. (Dkt. No. 15.) Plaintiff then filed her first Motion for Default Judgment, seeking damages of $628,306.34 for the malpractice claim and $65,709.00 for the breach of contract claim. (Dkt. No. 17.) The Court denied Plaintiff's Motion without prejudice, holding that although some of the *Eitel* factors weighed in Plaintiff's favor, Plaintiff ultimately "failed to make the requisite showings as to liability and damages" to warrant a default judgment. (Order Den. Pl.'s First Mot. for Default J. ("First Order") (Dkt. No. 22) at 7.) Specifically, the Court identified discrepancies between Plaintiff's declarations and exhibits proving the amount of payments to Defendant, concluded that Plaintiff failed to demonstrate she would have prevailed on her appeal, and acknowledged a potential double recovery issue. (*See* First Order 4–7.) The Court invited Plaintiff to file a renewed motion for default judgment to cure the first motion's deficiencies. (First Order at 7.)

4. Plaintiff subsequently filed a second Motion for Default Judgment on August 31, 2015, again seeking $694,015.34 in damages from Defendant for the

same malpractice and breach of contract claims. (Dkt. No. 24.) The Motion was accompanied by declarations of J. Curtis Edmondson, (Dkt. No. 26), Dick Swenson, (Dkt. No. 27), and Mary Ann Dureau (Plaintiff), (Dkt. No. 28). On September 28, 2015, Plaintiff also filed a motion to refer the default judgment to a jury. (Dkt. No. 32.)

     5.    On October 23, 2015, the Court denied Plaintiff's second Motion for Default Judgment. (Dkt. No. 35.) Specifically, the Court noted the same discrepancies regarding the amount Plaintiff paid Defendant in legal fees, (Order Den. Pl.'s Second Mot. for Default J. ("Second Order") at 14–15), and held that despite new arguments that her Ninth Circuit appeal would have prevailed but for Defendant's negligence, Plaintiff still failed to establish the causation element of her malpractice claim, (Second Order at 9–13). The Court also denied Plaintiff's request to refer to the factual matters to a jury, concluding that "[e]ven assuming the Court would permit a jury to decide the factual issues, the Court would still decide the legal issue as to whether its prior decision finding Plaintiff liable for the oil spill in *City of Banning v. Dureau*, No. CV 12-00043-BRO (SPx), represented clear error." (Second Order at 7.) The Court also distinguished the one case Plaintiff cited in support of her request—*Barber v. Turberville*, 218 F.2d 34 (D.C. Cir. 1954)—and noted that the case was only persuasive authority. (*Id.*)

6. On December 8, 2015, Plaintiff filed her third Motion for Default Judgment. (Dkt. No. 37.) Accompanying Plaintiff's Motion were declarations of Dick Swenson, (Dkt. No. 39), Goldy Berger, (Dkt. No. 40), Joseph Curtis Edmondson, (Dkt. No. 41), and Mary Ann Dureau, (Dkt. No. 42).

7. The Court took judicial notice of the following three documents: (1) the Third Amended Complaint filed in *City of Banning v. Dureau*, No. CV 12-00043-BRO (SPx), 2013 WL 6063344 (C.D. Cal. Nov. 18, 2013); (2) the trial testimony transcripts from *City of Banning v. Dureau*, 2013 WL 6063344; and, (3) this Court's findings of fact and conclusions of law in *City of Banning v. Dureau*, 2013 WL 6063344. (*See* Dkt. No. 38.)

## CONCLUSIONS OF LAW

8. On a motion for default judgment, all factual allegations relating to liability are deemed true, but allegations regarding the amount of damages are not. *See TeleVideoSys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

9. Plaintiff's request for default judgment complies with Rule 55 and Local Rule 55-1.

6

JUDGMENT

### A. NEGLIGENCE CLAIM

10. To prove a claim of negligence, the Plaintiff must establish "(1) the duty of the professional to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) a causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional negligence." *Giacometti v. Aulla, LLC*, 187 Cal. App. 4th 1133, 1137 (Cal. Ct. App. 2010).

11. Plaintiff fails to establish the causation element because, even assuming Defendant filed Plaintiff's opening brief, the Ninth Circuit would not have reversed this Court's decision in the *Banning* Case.

12. Accordingly, Plaintiff's Motion for Default Judgment as to the $628,306.34 in damages is DENIED.

### B. CONTRACT CLAIM

13. Plaintiff's Motion for Default Judgment in the amount of $60,709.00 is GRANTED, as Plaintiff sufficiently accounts for that amount.

### C. JURY TRIAL DEMAND

14. Plaintiff's request to refer the factual issues to a jury is DENIED.

///

///

///

**IT IS THEREFORE ORDERED:**

Plaintiff Mary Ann Dureau shall take from Defendant Mark Howard Allenbaugh a sum of: $60,709.00, plus the following: prejudgment interest from the date of last payment to Defendant; a Bill of Costs according to L.R. 54-3; and contractual attorneys' fees pursuant to the attorney-client fee agreement according to L.R. 55-3.

IT IS SO ORDERED.

DATED: April 22, 2016

_____
HON. BEVERLY REID O'CONNELL
United States District Judge